Donald J. DEVINE, Director, Office of Personnel Management, Petitioner,

v.

Edward LEVIN, Arbitrator, and American Federation of Government Employees Local 1917, Respondents.

Miscellaneous Docket No. 13.

United States Court of Appeals, Federal Circuit.

April 25, 1983.

ON MOTION

BALDWIN, Circuit Judge.

ORDER

Respondents' MOTION TO DISMISS in the above-captioned case is denied.

*Discussion*

In recent orders, the court held that the Director of the Office of Personnel Management, when seeking judicial review of an arbitrator's decision under 5 U.S.C. §§ 7121(f) and 7703(d) (1978), is required to petition the arbitrator for reconsideration within 30 days after the arbitrator's decision and, upon denial, to file a petition for review within 30 days thereafter. *Devine v. Nutt et al.*, Appeal No. 83–589 (order of April 12, 1983); *Devine v. Sutermeister et al.*, Appeal No. 83–813 (order of April 12, 1983).

In this case, petitioner's petition for review was filed within 30 days of the denial of his petition for reconsideration by respondent Levin, but his petition for reconsideration was itself filed more than 30 days after respondent Levin's original decision. Accordingly, the petition for reconsideration was not timely submitted under our holding in *Sutermeister*, supra.

Nevertheless, the issue of timeliness under § 7703(d) was heretofore subject to conflicting judicial pronouncements. *Compare Parton v. Merit Systems Protection Board*, 684 F.2d 530, 533 (C.A.8 1982), *with Devine v. White*, 697 F.2d 421 (D.C.Cir. 1983). Under the circumstances, the court believes it would be improper to apply our holding in *Sutermeister* retroactively. See *Chevron Oil Co. v. Huson*, 404 U.S. 97, 107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). Therefore, petitioner's failure to seek reconsideration in a timely fashion is excused.

Finally, the court rejects respondents' contention that this case does not merit discretionary review by this court. The court is unconvinced that there is nothing more between the parties than a mere disagreement with the factual determinations and judgments made by the arbitrator.